UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUAN CHRISTOPHER STENNIS,

    Petitioner,                                               Civil Action No. 16-CV-14262

vs.                                                              HON. BERNARD A. FRIEDMAN

SHANE PLACE,

    Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF   APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS</u>**

Petitioner has filed an application in this matter for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He pled guilty to assault with intent to commit murder in Wayne County Circuit Court and was sentenced to 14 years 3 months to 25 years imprisonment in 2013.  Petitioner raises claims concerning the conduct of the prosecutor, the effectiveness of trial counsel, the sufficiency of the evidence, and the scoring of the state sentencing guidelines.  Respondent has filed an answer to the petition contending that it should be dismissed at untimely and/or denied because the claims are procedurally defaulted and/or lack merit.  Having reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed.  The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

*Procedural History*

Petitioner's conviction arises from his assault upon Eric Smith in October, 2012. The petitioner repeatedly kicked Eric Smith in the face, head, and chest, intending to kill him, but leaving him in a coma. On April 2, 2013, petitioner pled guilty to assault with intent to murder in exchange for the dismissal of a fourth habitual offender notice and a sentence of 14 years 3 months to 25 years imprisonment. On April 23, 2013, the trial court sentenced petitioner in accordance with his plea agreement.

In October 2013, petitioner filed a motion with the state court to withdraw his guilty plea on the grounds that (1) he was not guilty, (2) he was coerced into pleading guilty because the prosecution offered his codefendant a plea agreement, and (3) his trial counsel failed to pursue an alibi defense. The trial court denied the motion. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals alleging that (1) the trial court erred in denying his plea withdrawal motion as he is actually innocent and has an alibi defense, and (2) the trial court erred in denying his plea withdrawal motion as his plea was coerced and he was denied the effective assistance of counsel. The court denied the application "for lack of merit in the grounds presented." *People v. Stennis*, No. 319766 (Mich. Ct. App. Jan. 29, 2014). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court raising the same claims, which was denied in a standard order. *People v. Stennis*, 496 Mich. 861, 847 N.W.2d 649 (June 24, 2014).

Petitioner subsequently filed[1] a motion for relief from judgment with the state trial court alleging that (1) appellate counsel was ineffective for failing to raise issues on appeal

---

[1] The motion was notarized on May 11, 2015, but the record is unclear as to its filing date.

and to communicate with him to ensure that all possible issues were explored, (2) he is entitled to relief to MCR 6.508(D)(3), and (3) the evidence presented at the plea hearing was insufficient to convict him of assault with intent to murder. The trial court denied the motion pursuant to MCR 6.508(D)(3) and on the merits. *People v. Stennis*, No. 12-10267-01 (Wayne Co Cir. Ct. Jan. 6, 2016). Petitioner did not appeal that decision to the Michigan appellate courts.

Petitioner signed the instant petition on November 30, 2016. He raises the following claims: (1) his rights were violated because the trial court allowed prosecutorial misconduct and denied due diligence, (2) appointed trial counsel failed to provide him with the effective assistance of counsel, (3) his conviction should be overturned because there was insufficient evidence to support his conviction, and (4) the trial court violated his due process rights by mis-scoring Offense Variables 1 and 2 of the state sentencing guidelines. As noted, respondent has filed an answer to the petitioner contending that it should be dismissed as untimely and/or denied because the claim are procedurally defaulted and/or lack merit. The petitioner has filed a reply to that answer.

*Discussion*

> Federal habeas cases are subject to a one-year period of limitations:
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

> applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

In present case, the Michigan Supreme Court denied leave to appeal on direct appeal on June 24, 2014. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009), i.e., on September 22, 2014. Accordingly, the petitioner was required to file his federal habeas petition by September 22, 2015, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner notarized his motion for relief from judgment on May 11, 2015, and filed it sometime thereafter (the record is unclear) in the state court. Giving petitioner the benefit of the doubt, the Court will assume that he filed the motion on the date it was notarized – May 11, 2015. At that point, 230 days of the one-year period had run. The one-year period was then tolled until the state trial court denied the motion on January 6, 2016. The one-year

period was also tolled during the time when the petitioner could have, but did not, timely appeal to the Michigan Court of Appeals. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). Under MCR 7.205(G), petitioner had six months to seek leave to appeal the trial court's denial of his motion for relief from judgment. The one-year period was thus tolled until July 6, 2016, and resumed running the next day. The limitations period is only tolled while a petitioner has a properly filed motion for post-conviction or collateral review under consideration, *see* 28 U.S.C. § 2244(d)(2), and does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner then had 135 days, until November 18, 2016, to file his federal habeas petition. The petitioner, however, did not date his federal habeas petition until November 30, 2016 – 12 days after the expiration of the one-year limitations period.

Petitioner does not allege that his habeas claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. Rather, he seems to assert that the state created an impediment to the filing of his petition because he was in segregation for two months without access to legal property at one prison; that he was subject to a prison transfer on October 23, 2016, and related segregation without access to his property for a period of time; and that there were delays due to prison employees' days off and holidays. Section 2244(d)(1)(B) does not apply under such circumstances. The cases applying § 2244(d)(1)(B) "have dealt almost entirely with the conduct of prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials." *Shannon v. Newland*, 410 F.3d 1083, 1087–88 (9th Cir. 2005). Typical conditions of prison life, however, do not constitute an unconstitutional state-created impediment. *See, e.g., Maclin v. Robinson*, 74 F.

5

App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment); *United States v. Stone*, 68 F. App'x 563 (6th Cir. 2003) (transfer from federal prison to state jail for court appearance resulting in lack of access to personal property and legal materials was not unconstitutional and did not constitute an impediment nor warrant tolling); *King v. Deangelo-Kipp*, No. 18-10718, 2018 WL 2194000, at *2 (E.D. Mich. May 14, 2018) (noting that placement in administrative segregation is a typical condition of prison life and does not constitute an unconstitutional state-created impediment). Moreover, the claimed impediment must have actually prevented the petitioner from filing a timely petition of a known claim. *See Wood v. Spencer*, 487 F.3d 1, 7-8 (1st Cir. 2007) (finding that a *Brady* violation could not fairly be said to have prevented petitioner from timely filing a federal habeas petition). Petitioner alleges no facts to show that prison officials intentionally denied him access to legal materials or otherwise interfered with his ability to file a federal habeas petition in a timely fashion. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

Petitioner argues that the filing period should be equitably tolled. The Supreme Court has stated that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

6

Petitioner contends that the one-year period should be equitably tolled in the present case because of his two-month placement in segregation at one prison, his October 23, 2016, prison transfer and lack of access to legal materials for a period of time, and prison employees' days off and holidays. Again, such typical conditions of prison life do not constitute exceptional circumstances which justify tolling of the one-year period. *See McMurray v. Smith*, No. 1:15-CV-75, 2015 WL 6618823, at *5-6 (W.D. Mich. Oct. 30, 2015) (adopting magistrate judge's opinion, citing cases, and ruling that petitioner placed in administrative segregation without access to legal materials or assistance was not entitled to equitable tolling); *United States v. Cherry*, No. 04-90040, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) (citing cases that lack of access to personal legal materials during prison lockdowns, transfers, and administrative segregation are not extraordinary circumstances to warrant tolling); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002) (denial of access to legal materials is not an exceptional circumstance warranting equitable tolling); *but see Jones v. United States*, 689 F.3d 621, 627-28 (6th Cir. 2012) (ruling that a combination of ignorance, pro se status, limited literacy, multiple prison transfers without access to legal materials, and medical conditions, including seizures, warranted tolling).

General allegations of transfers, placement in segregation, and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain or present evidence demonstrating why his circumstances prevented him from timely filing a habeas petition. *See, e.g., Andrews v. United States*, No. 17-1693, 2017 WL 6376401, *2 (6th Cir. 2017) (denying a certificate of appealability on statute of limitations dismissal where petitioner failed to timely file a § 2255 motion because although

7

he was in segregation for eight months without his legal property, he did not explain how he diligently pursued his rights during those eight months, when his legal materials were returned to him, or how it delayed his filing); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (equitable tolling not warranted where petitioner alleged that he was denied access to the law library and his legal records, but failed to show "how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"); *United States v. Cicero*, 214 F.3d 199, 205 (D.C. Cir. 2000) (equitable tolling was not warranted where petitioner gave his legal papers to another inmate who was placed in segregation and then did not have access to his own legal documents); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").

In the present case, petitioner fails to specify how he attempted to timely pursue habeas relief during the relevant time period (with or without access to this legal materials), when he obtained access to his legal materials, and or how the lack of access to those materials for a portion of the one-year period prevented him from timely filing his habeas petition. To be sure, even while in administrative segregation without his legal paperwork (and nearing the end of the one-year period), the petitioner could have timely submitted a "bare bones" habeas petition listing his claims and later supplementing his pleadings as necessary. Equitable tolling is not warranted under such circumstances.

Additionally, the fact that the petitioner is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, and/or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling*, 673 F.3d at 464

8

(pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling). Therefore, petitioner has failed to demonstrate that he is entitled to equitable tolling under *Holland*.

Petitioner also seeks to toll the limitations period on the grounds that he is innocent of the crime for which he was convicted. A credible claim of actual innocence may equitably toll the one-year statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Further, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlu*p, 513 U.S. at 321).

In the present case, petitioner makes no such showing. Any affidavits from family members or friends regarding a potential alibi are neither new (they were known at the time of the state court proceedings) nor particularly reliable. *See, e.g., Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 531-32 (11th Cir. 2009) (affidavits from family members or fellow inmates created after trial are not sufficiently reliable evidence to support a claim of actual innocence). Moreover, the petitioner's own self-serving, conclusory assertion of innocence is insufficient to support an actual innocence claim. A "reasonable juror [or fact-finder] surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Further, petitioner's guilty plea belies an actual innocence claim. *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Finally, petitioner's assertion that his habeas claims have merit does not establish his actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). **Conclusion**

For the reasons stated above, the Court concludes that the habeas petition in this matter is untimely and that petitioner is not entitled to equitable tolling of the one-year filing period. Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

Dated: July 12, 2018  s/Bernard A. Friedman
Detroit, Michigan  BERNARD A. FRIEDMAN
 SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 12, 2018.

s/Johnetta M. Curry-Williams
Case Manager